Alan I. Nahmias, Esq. State Bar No. 125140
**PLOTKIN, RAPOPORT & NAHMIAS**
16633 Ventura Boulevard, Suite 800
Encino, California 91436-1836
(818) 906-1600 Telephone
(818) 907-9261 Facsimile

Attorneys for Chapter 7 Trustee
GERALD H. DAVIS

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>STEVEN H. SALOMON and VICTORIA Y. SALOMON,<br><br>    Debtors.<br>_____<br><br>GERALD H. DAVIS, CHAPTER 7 TRUSTEE<br><br>    Plaintiff,<br><br>v.<br><br>STEVEN H. SALOMON and VICTORIA Y. SALOMON,<br><br>    Defendants. | CASE NO. 05-14843-JM7<br><br>Chapter 7<br><br>Adv. Pro. No. _____<br><br>COMPLAINT TO REVOKE DISCHARGE OF DEBTORS STEVEN H. SALOMON AND VICTORIA Y. SALOMON<br><br>[11 U.S.C. §727(d)(1) AND §727(d)(2)] |

    Plaintiff GERALD H. DAVIS, Chapter 7 Trustee of the Bankruptcy Estate of Steven H. Salomon and Victoria Y. Salomon (hereinafter referred to "Plaintiff") hereby complains and alleges against Steven H. Salomon and Victoria Y. Salomon (sometimes collectively referred to as "Debtors") as follows:

## PRELIMINARY ALLEGATIONS

    1.    This adversary proceeding is brought pursuant to Bankruptcy Rule 7001(4) and 11 U.S.C. §727.

1

2.      Jurisdiction of this Court is based upon 28 U.S.C. §§157 and 1334.

3.      This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(J).

4.      Plaintiff is the duly appointed Chapter 7 Trustee in the above-referenced bankruptcy case, and has standing to prosecute this Complaint pursuant to 11 U.S.C. §727(d).

5.      Debtors filed a Voluntary Chapter 7 Bankruptcy Petition on October 16, 2005. The Debtors received their Discharge on January 17, 2006.

6.      The allegations contained herein are based upon the following:

    a.    the Debtors' failure to schedule all assets in their Chapter 7 Bankruptcy Petition which belonged to them at the time their case was commenced;

    b.    the Debtors' failure to schedule all income earned or cash otherwise received by them between the years of 2003 and 2005;

    c.    the fraud of the Debtors, and Plaintiff's lack of knowledge regarding the Debtors' fraud, until after the Debtors were granted their discharge;

    d.    the Debtors' retention and subsequent sale of property that was property of the estate; and

    e.    the Debtors' knowing and fraudulent failure to report the sale of such property, acquisition of cash therefrom, and thereafter, the delivery or surrender of such property to Plaintiff.

### FIRST CAUSE OF ACTION
### 11 U.S.C. §727(d)(2)

7.      Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 6 of this Complaint, and incorporates the same by this reference as though fully set forth.

8.      Steven H. Salomon was a member of The Farms Country Club in Rancho Santa Fe, California at the time the Debtors filed their bankruptcy case. The Debtors knowingly and fraudulently failed in any way to disclose this interest in their Bankruptcy Petition. After the filing of their Petition, Steven Salomon continued to use and enjoy the benefits of his golf membership at The Farms until the Debtors could no longer pay for it.

9.      The Debtors thereafter were forced to sell their membership for the sum of

1  $25,250.00, of which sum, The Farms remitted payment to Steven Salomon of $17,738.85, and
2  retained $7,511.15, representing the amount owed by the Debtors to the Farms for the continued
3  use of their membership up to the time of the sale.
4      10.    The Farms Country Club membership was property of the Debtors' bankruptcy
5  estate when this case was commenced. By selling this membership for cash, the Debtors acquired
6  property that was property of their bankruptcy estate.
7      11.    The Debtors owned two wedding and/or engagement rings at the time their
8  bankruptcy case was filed. The Debtors had scheduled the value of these items at $1,000.00, and
9  claimed an exemption in the same amount. After the commencement of this case, the Debtors
10 received $2,500.00 in insurance proceeds for the loss of the two rings. The Debtors, by acquiring
11 this insurance settlement, knowingly and fraudulently received $1,500.00 in excess of the exempt
12 amount they had scheduled, which was property of the bankruptcy estate.
13     12.    The Debtors had a checking account at Canyon National Bank, Account No.
14 210005319, at the time they filed their bankruptcy petition. The Debtors scheduled the account
15 with a zero balance. The Debtors' bank statement reflects that the account had a balance of
16 $974.49 on October 13, 2005 and $1,335.65 on October 17, 2005, with no deposits made to the
17 account during that time. The Debtors knowingly and fraudulently failed to turn over to the
18 Trustee the funds in their checking account at the time their Petition was filed.
19     13.    The Debtors scheduled a value of $4,500 for household goods and furnishings in
20 their Petition. The Debtors sold some of their household goods and furnishings for the sum of
21 $5,500, post-petition, while still retaining other household furnishings. The Debtors knowingly and
22 fraudulently received at least $1,000 in excess of the exempt amount they had scheduled, which
23 was property of the bankruptcy estate, and knowingly and fraudulently failed to turn over to the
24 Trustee the non-exempt funds received from the sale of those household goods.
25     14.    The Debtors also knowingly and fraudulently concealed, sold or otherwise
26 transferred household property and other personal effects that was property of their estate, post-
27 petition, including but not limited to:
28     a.    a dining room table and chair, a refrigerator and a big screen television set

3

which they owned pre-petition and sold for the sum of $2,500.00 post-petition;

      b.    miscellaneous personal property scheduled by the Debtors as having a value of $35,000.00 in a personal financial statement which they issued to Canyon National Bank within 12 months of the filing of their Petition.

      c.    other furniture scheduled by the Debtors as having a value of $100,000.00 in a personal financial statement which they issued to Canyon National Bank within 12 months of the filing of their Petition.

15.    The Debtors knowingly and fraudulently failed to report the acquisition of the funds received from The Farms Country Club membership sale, the insurance proceeds or the sale of their household equipment and furnishings, and failed to deliver or surrender any of the cash received from these sales to Plaintiff.

16.    By virtue of the aforementioned acts of the Debtors, the Debtors' Discharge should be revoked pursuant to 11 U.S.C. §727(d)(2).

## SECOND CAUSE OF ACTION
## 11 U.S.C. §727(d)(1)

17.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 6 and 8 through 15, inclusive of this Complaint, and incorporates the same by this reference as though fully set forth.

18.    Plaintiff is informed and believes and thereon alleges that the Debtors were granted their Discharge through fraud committed by them by failing to schedule certain assets which they owned at the time of their bankruptcy filing, by intentionally understating the value of their assets, by failing to disclose income earned from their businesses, employment and other sources, including the sale of their assets, and by showing a reckless indifference to the truth and accuracy of the information found in their Petition.

19.    The assets which the Debtors intentionally and fraudulently failed to schedule in their Bankruptcy Petition included, but are not limited to:

      a.    the aforementioned membership to The Farms Country Club; and

    b.  a set of golf clubs owned by the Debtors.

  20. The Debtors knowingly and fraudulently understated the value of numerous assets on their Bankruptcy Petition, including, but not limited to the following:

    a.  the value of Debtors' furniture;

    b.  the value of Debtors' jewelry;

    c.  the value of Debtors' checking account;

    d.  the value of the cash on hand at the time they filed their Petition;

    e.  the value of their household furnishings which were scheduled by the Debtors as having a value of $100,000.00 in a personal financial statement which they issued to Canyon National Bank within 12 months of the filing of their Petition.

    f.  the value of Debtors' miscellaneous personal property which had been scheduled by the Debtors as having a value of $35,000 in a personal financial statement which they issued to Canyon National Bank within 12 months of the filing of their Petition.

  21. The Debtors also knowingly and fraudulently misrepresented on their Petition their income for the years preceding the filing of their Bankruptcy Petition. The Debtors scheduled zero ($0.00) income from employment for the years 2003, 2004 and 2005. According to their 2004 Federal Tax Return, during the year 2004, the Debtors' earnings totaled $230,228.00. According to their 2003 Federal Tax Return, during the year 2003, the Debtors' earnings totaled $123,696.00. The Debtors have not completed a tax return for the year 2005, but Plaintiff is informed and believes that the Debtors' income in 2005 exceeded $70,000.

  22. In August, 2005, approximately two (2) months before their Bankruptcy Petition was filed, the Debtors sold an additional golf membership at The Plantation Country Club, in Indio, California, and after paying off unpaid dues and costs of $6,191.17 plus a $5,000 Club Buy Back Offer, received the sum of Ten Thousand Eight Hundred Eight Dollars and Eighty-three Cents ($10,808.83) from the sale of their golf membership. The Debtors knowingly and fraudulently failed to schedule this sale or the income they received therefrom in their Bankruptcy Petition.

  23. The Debtors intentionally and fraudulently misrepresented the amount of proceeds received from the sale of their residence in 2004 in La Quinta, California ("La Quinta Property").

1  Their Petition represents that they received proceeds from this sale in the amount of $51,375.00.
2  Based upon a review of the Debtors' 2004 tax return and closing statement for this sale, Plaintiff is
3  informed and believes that the Debtors actually received $93,810.70 from the sale of this property.

4      24.      The Debtors knowingly and fraudulently made other misrepresentations in their
5  Bankruptcy Schedules and Statement of Financial Affairs.

6      25.      The Debtors intentionally and fraudulently failed to list all financial institutions to
7  whom a financial statement was issued within two years preceding the commencement of their
8  bankruptcy case, scheduling "none" in their Petition. Approximately one year before filing their
9  petition, Debtors completed a financial statement to Canyon National Bank.

10     26.      The Debtors also failed to list various creditors in their Bankruptcy Schedules,
11  including but not limited to the Internal Revenue Service, Kris Schulte, Emory Brazelle and Kevin
12  Connors, and thereafter failed to amend their Schedules despite their knowledge that those
13  creditors had not been scheduled.

14     27.      The Debtors intentionally and fraudulently completed their 341(a) Meeting of
15  Creditors Questionnaire, which they executed under penalty of perjury, by:

16          a.      representing that they had not made any payments or transferred any
17  property, other than regular periodic contract required payments, to any person or entity, within
18  four years of the bankruptcy filing, when they knowingly had made the following transfers within
19  four years of filing their petition, including but not limited to: 1) transferring their home in La
20  Quinta, California; 2) transferring and selling Mr. Salomon's golf membership at Plantation Country
21  Club; and 3) transferring a valuable clock to Victoria Salomon's brother, Jeff Welty;

22          b.      representing that they disclosed all property interests acquired during their
23  marriage when they failed to disclose their interest in Mr. Salomon's golf membership at The Farms
24  Country Club, as well as his golf clubs; and

25          c.      representing that they identified all disputed creditor claims in their schedules
26  when they failed to schedule Steven Greenfield as a disputed creditor, even though they were aware
27  of the lawsuit Steven Greenfield had commenced against them.

28     28.      Debtors failed to carefully review their Bankruptcy Schedules and Statement of

6

Financial Affairs prior to signing them, thereby showing a deliberate disregard and reckless indifference for the truth of the content of each of those documents, as well as the sanctity of the bankruptcy process itself.

29. The Debtors also obtained their discharge through other fraudulent acts.

30. Plaintiff did not know of any of the aforementioned alleged fraudulent acts by the Debtors until after they were granted their Discharge.

31. By virtue of the aforementioned fraud, the Debtors' Discharge should be revoked pursuant to 11 U.S.C. §727(d)(1).

WHEREFORE, Plaintiff prays for Judgment as follows:

As to All Causes of Action --

1. For an Order and Judgment revoking the Discharge in Bankruptcy entered on behalf of Debtors Steven H. Salomon and Victoria Y. Salomon on January 17, 2006;

2. For an Order and Judgment which provides that all debts owing by the Debtors as of the date of the filing of their bankruptcy case shall not be discharged, or subject to discharge in any future bankruptcy case, that either or both of these Debtors may file.

3. For costs of suit incurred herein;

4. For reasonable attorneys' fees incurred herein;

5. For such other and further relief as this Court may deem just and proper.

Dated:   January 16, 2007            PLOTKIN, RAPOPORT & NAHMIAS

                                     By:   /s/ Alan I. Nahmias
                                     _____
                                     ALAN I. NAHMIAS
                                     Attorneys for Chapter 7 Trustee GERALD H. DAVIS